IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE SHANNON SANDMEIER,

    Debtor,

SHANNON SANDMEIER,

    Plaintiff,

v.

TOLOVANA FINANCIAL D/B/A BIRCH LENDING,

    Defendant.

Bankruptcy Case Number
24-81538-CRJ-13

Adversary Proceeding No.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Shannon Sandmeier ("Sandmeier"), makes the following allegations in her complaint against the Defendant, Birch Lending Corp. ("Birch Lending").

## PARTIES

1.    Sandmeier is the debtor in the above-referenced Chapter 13 bankruptcy case commenced on August 13, 2024.

2.    Tolovana Financial dba Birch Lending is a wholly owned subsidiary of Benhti Economic Development Corporation, a sovereign economic arm, enterprise and instrumentality of, and created under the laws of and for the benefit of, the Native Village of Minto, a federally recognized sovereign American Indian tribe in Alaska. At all times material to this complaint, Birch Lending regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the state of Alabama lying within this court's district and division. Sandmeier did business with Birch Lending within this district and division, and it is these business transactions that give rise to this litigation.

## JURISDICTION

3. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Sandmeier's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Sandmeier and the Defendant. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b). Courts in the Eleventh Circuit have explained that "any rights arising from a violation of the automatic stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters."[1]

4. As this honorable Court is aware, on June 15, 2023, the United States Supreme Court held in *Lac du Flambeau Bank of Lake Superior Chippewa Indians et al. v. Coughlin*, that the Bankruptcy Code evinces Congress's clear intent to unambiguously abrogate the sovereign immunity of any and every type of government, including Indian tribes, arising from the definition of 11 U.S.C. § 101(27). As a result, Native American tribes and their business units are subject to suit before the U.S. Bankruptcy Courts.

## BACKGROUND FACTS AND NATURE OF ACTION

5. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 1007(a) and 11 U.S.C. §521(a), the debtor filed with her Chapter 13 petition a list of creditors with their names and addresses. Contained in that list was Birch Lending.

6. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 2002 and 11 U.S.C §342, the Clerk sent notice of the debtor's Chapter 13 bankruptcy filing to Birch Lending via electronic transmission from the Bankruptcy Noticing Center on August 13, 2024. (See Exhibit 1 - BNC Certificate of Notice).

7. As a result of Birch Lending being included in the list of creditors filed by the debtor with her petition and the Clerk's sending of notice of her Chapter 13 bankruptcy, the Defendant had both notice and actual knowledge of both the commencement of and all the proceedings in Sandmeier's bankruptcy case.

8. Pursuant to §362(a) of the Bankruptcy Code, the commencement of Sandmeier's bankruptcy case gave rise to the automatic stay which, among other things, prohibits Birch

---

[1] *See Walker v. Got'cha Towing & Recovery, LLC* (*In re Walker*), 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016)(citing *Banks v. Kam's Auto Sales* (*In re Banks*), 521 B.R. 417, 420 (Bankr. M.D. Ga. 2014)).

Lending from attempting to collect from Sandmeier any pre-petition obligation owed by Sandmeier to Birch Lending.

9. The Plaintiff asserts that despite having both notice and actual knowledge of Sandmeier's bankruptcy case, Birch Lending sent multiple post-petition emails to Sandmeier in an attempt to collect a prepetition debt owed by Sandmeier to Birch Lending in violation of 11 U.S.C. §362(a)(6).

10. Sandmeier brings this action to recover the actual damages she has sustained as a result of the defendant's willful violations of the automatic stay in this case and to recover compensatory and punitive damages from the defendant for those violations under 11 U.S.C. § 362(k) of the Bankruptcy Code, which provides that "an individual injured by any willful violation of the stay provided by this section shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages."[2] In the case of *Parker v. Credit Central South, Inc.* (*In re Parker*), 634 Fed. Appx. 770 (11th Circuit 2015), the Eleventh Circuit held that the costs and attorney's fees incurred by a debtor "to halt the violation of the automatic stay and to prosecute his action for damages constitutes an injury."[3]

## CLAIM – VIOLATION(S) OF THE AUTOMATIC STAY

11. Despite the imposition of the automatic stay by the commencement of the Debtor's bankruptcy case and having both notice and actual knowledge of the Debtor's bankruptcy case, Birch Lending sent multiple post-petition emails to Sandmeier. The Plaintiff asserts that the Defendant's actions constituted an attempt to collect a pre-petition obligation owed by Sandmeier to Birch Lending in violation of 11 U.S.C. §362(a)(6).

12. Birch Lending sent an email to Sandmeier on August 20, 2024. The email stated "Your recent loan payment of $75.67 from 8/16/2024 was declined. If a payment is not made, a late fee of $0.00 and NSF fee of $30.00 will be automatically applied to your account. Please log in to your Birch Lending account to make a payment online or call our customer care team at (877) 652-4724. Make your past due payment today, and we will waive your Late Fees and NSF Fees, if applicable. Thank you!" (See Exhibit 2 – Birch Lending First Email 8-20-24). The Plaintiff asserts that the email from Birch Lending constituted an attempt to collect a prepetition debt owed by Sandmeier to Birch Lending in violation of 11 U.S.C. §362(a)(6).

---

[2] 11 U.S.C. § 362(k)(1) [emphasis added].
[3] *Id.* at 773

13. Birch Lending sent another email to Sandmeier on August 20, 2024. The email stated "Your scheduled payment on 8/16/2024 in the amount of $75.67 was unsuccessful. Get Back on Track! We will work with you to get your account back on track. Please call us today at (877) 652-4724 or click on the link below to take care of you past due balance TODAY! May your past due payment TODAY, and we will waive the Late Fees and Insufficient Funds (NSF) Fees on your account, if applicable." (See Exhibit 3 – Birch Lending Second Email 8-20-24). The Plaintiff asserts that the email from Birch Lending constituted an attempt to collect a prepetition debt owed by Sandmeier to Birch Lending in violation of 11 U.S.C. §362(a)(6).

14. The Plaintiff asserts that the Defendant's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

15. Sandmeier has sustained injury and damage as a result of the defendant's violations of the automatic stay. Under 11 U.S.C. §362(k)(1), Sandmeier is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Birch Lending for its willful and intentional violations of the automatic stay. The post-petition collection activity, after receiving notice of Sandmeier's bankruptcy, indicates that Birch Lending does not have proper policies and procedures to avoid violating the automatic stay.

**WHEREFORE**, Sandmeier asks this Court to enter an order:

(A) Awarding Sandmeier compensatory damages against Birch Lending including the reasonable attorney's fees and costs incurred by Sandmeier in the preparation and prosecution of this adversary proceeding;

(B) Awarding Sandmeier punitive damages against Birch Lending for its willful and intentional violations of the automatic stay, such damages being intended to instill in Birch Lending and other creditors due respect for this court and its orders and to deter them from taking similar action against Sandmeier and similarly situated debtors in the future;

(C) Voiding the debt owed to Birch Lending by Sandmeier; and

(D) Granting Sandmeier any additional or different relief this court deems appropriate.

Dated: 8/22/2024                                    Respectfully submitted,

/s/ *John C. Larsen*  
John C. Larsen  
Michael A. Wilkins  
Counsel for the debtor/plaintiff,  
Shannon Sandmeier

OF COUNSEL:  
LARSEN LAW P.C.  
1733 Winchester Road  
Huntsville, Alabama 35811  
(256) 859-3008  
john@jlarsenlaw.com  
michael@jlarsenlaw.com